JUAN MANUEL GONZALES PARRA
Reg. No.63629-208.
California City Corrctional Center
P.O. Box. 3001-0001.
California City CA. 93504.

**FILED**
NOV 0 5 2007
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF CALIFORNIA

UNITED STATES OF AMERICA  )
                          )  Case No. 04CR2959-J.
                          )  Case, CV No. 07CV 2120 JLS
vs.                       )
                          )  ( MOTION TO VACATE SET ASIDE OR
                          )  ( CORRECT SENTENCE BY A PERSON IN
                          )  ( FEDERAL CUSTODY PURSUANT TO
                          )  ( TITLE 28 USC § 2255.
JUAN MANUEL GONZALES PARRA )
        Deffendant.        )

COMES NOW. Juan Manuel Gonzales Parra, defendant acting Pro-se, on this matter.

Defendant Juan Manuel Gonzales Parra, appeals his 70 months sentence, Judgement entered in the above entitled action on August 17, 2005.

A.-    "QUESTIONS PRESENTED FOR REVIEW"

1).- Whether, if the district Court improperly enhanced the
     defendant's sentence by treating the prior conviction
     as a "drug trafficking".

(1)

B.-    **STATEMENT OF THE CASE**

On November 16, 2004. The ground Jury indicted Gonzalez Parra, with deported alien found in the United States, in violation of 8 USC § 1326. On April 25, 2005. Mr. Gonzalez Parra, pleaded guilty to the single count indictment, the district court sentenced Mr. Gonzalez Parra to a 70-seventy months term of custody.

On July 26, 2006. The Nith Circuit issued a memorandum opinion affirming the decision of the district Court and rejecting Mr. Gonzalez Parra's, sentencing challenge.

On Octuber 30, 2006. the Supreme Court of the United States entered an order, denying Mr. Gonzalez Parra's petition for writ of certiorari.

The district Court sentenced Mr. Gonzalez Parra, to a 70-months term of custody by making the following finding:

   * Gonzalez Parra had a comviction in 2003, for possession of controlled substance for sale under California Safety Code 11378

   * Conviction classify as a **drug trafifcking** conviction warranting a **16-level** upward adjustment recomended by section 2L2.2 (b)(1) of the advisory guidelines.

The District Court further found that Gonzalez Parra was in criminal history **Category V.** After determining the advisory sentencing guidelines range was 70 to 86 months imprisonment the Court imposed 70 months.

(2)

C.-         **SUMMARY OF ARGUMENT**

This case raises many of the issues addressed in recent opinion, Uited States v. Morales Martinez No. 06-40-467, F.3d (5th Cir. Aug. 8,2007).

The defendant ~~Roberto~~ Juan Gonzalez Parra, pleaded guilty to illigal re-entry in violation of 8 U.S.C. § 1326(a). THe district Court applied Gonzalez Parra a sentencing enhancement affter finding that he had previously pleaded guilty to a state charge for a "drug trafficking offence"; Gonzalez Parra had previously pleaded guilty to a state charge for <u>possession of a controled substance.</u>

Defendant Juan Gonzalez Parra, challenges this enhancement, arguing that his guilty plea in the prior state court conviction did not admit to the facts stablishing a drug trafficking offense.

Gonzalez Parra does not challenge the fact that he was previosly convicted for possesion of controlled substance, but rather challenges the classification of that conviction as a **trafficking offense**. United States Ruedas, 452 F.3d 409,412(5th Cir.06)

Although, when classifying a prior conviction, a district Court is generally limited to applying the caregorical approach set for in **United States v. Taylor**, 495 U.S. 575, 602 (1990). "higher Court, has held that the determination of whether a

'drug trakfficking offense', was comitted falls into the narrow range of cases wher the court may consider information other than the statutory definition of the offense". **United States v. Garza Lopez 410 F.3d 268, 273(5th. Cir. 2005).** citing **United States v. Rodriguez Duberney, 326 F.3d 613, 616-17(5th Cir. 2003)**."Therefore when determining whether a prior offense is a 'drug trafficking' offense, the court may also consider documents such as the charging instrument and the Jury ins= tructions". <u>**United States v.Gonzalez, 484F3d 712,714(5th Cir. 2007).**</u>

   Under the categorical approach of **taylor v. U.S.** the court looks to the elements of the prior offense, rather than to the facts underlying the combiction, when clasifying a prior offence enhancement purposes.
When determining whether a prior offense, for sentence is a "drug trafficking" offense, for sentencement purposes, the court may consider documents such as the charging instrument and the jury instructions; the court may not, however, rely solely on the discription of the offense contained in the pre-sentence report  (PSR). U.S.S.G. § 2L1.2(b)(1), 18 U.S.C.A.

   Defendant claims that the State comviction for possession of controlled substance was not for a "drug-trafficking of-fense", for sentensing enhancement purposes.

   Mr. <u>Gonzalez Parra</u>, believes there is a reasonable probabi-lity that, the district court misapplicate the sentensing guidelines, defendant should have received a lesser sentence. U.S.SG. § 1B1.1. et. seq., 18 U.S.C.A.

D.-     **ARGUMENT**

Defendant Mr. Juan Manuel gonzalez Parra, pleaded guilty to one count of reentry of a removed alien in vilation of 8 U.S.C. § 1326. The prisentence report (PSR) recommended that Gonzales Parra's base offense level of eight beincreased by sixteen levels for a prior drug-trafficking conviction in accordance with section 2L1.2(b)(1)(A)(i)of the United States Sentensing Guidelines ("U.S.S.G". or "Guidelines").

The District Court adopted the PSR and, after making other adjustments, arrived at total offense level of 21and a criminal history category of V, resulting in a guidelines sentencing range of 70-87 months' imprisonment. The Court imposed a sentence "70" months' imprisonment and "3" years of supervised release.   JUAN MANUEL GONZALES PARRA APPEALS HIS SENTENCE.

Mr. Gonzales Parra concedes, the court to review for plain error since he nor his representative counsel properly preserve his argument below. see, United States v. Garza Lopez 410 F.3d 268,272(2005).

Under plain-error review, the court first inquire whether the district court's imposition of the enhancement was erroneous and if so, whether the error was plain (i.e., clear or obvios). Id. Interpretation and application of the Guidelines must be review denovo.

Under the categorical approach of Taylor v. United States

495 U.S. 575, 602, 110 SCt. 2143, 109 L.Ed.2d 607 (1990), the Court looks to the elements of the prior offense, rather than to the facts underlying the comviction, when classifying a prior offense. Garza-Lopez 410 F.3d at 273. When determining a prior offense for sentence enhancement purposes.
When determining whether a prior offense, the court may also consider documents such as the charging instrument and the jury instructions. The court may not however, rely solely on the description of the offense contained in the PSR.

Mr. Gonzales Parra, contends that the statutory definition of possession of controled substance under California Safety Code 11378 ; Does not fall within section 2L1.2's definition of "drug-trafficking offense".

Several courts have stated that possession of controlled subs-tance lies outside section 2L1.2's definition of drug traffic-king offense, sinse section 2L1.2 "covers only the manufacture, import, export distribution or dispensing of controled substa-nce. We must look to the generic contemporary meaning of "drug trafficking offense", if it were undefined, See., United States v. Torrez Diaz 438 F.3d 529,536 (5th. Cir 2006). Accordingly the defendant believes that the district court erred when it concluded that his prior conviction for posse-ssion of controlled substance was for a "drug trafficking offense. (See., 410 F.3d at 279 ).

Turning to the question whether the error affected the defen-dant's substantial rights.

1   This court must determine whether the defendant can show a
2   reasonable probability that, but for the district court's mis-
3   aplication of the guidelines he would have receive lesser sen-
4   tence. quoting United States v. Villegas 404 F.3d 355, 364.

5   Defendant Gonzales Parra, believes he has satisfied his bur-
6   den on the 'tird prong' of "plain-error review".
7   Absent the erroneous (<u>16-level</u>) enhancement under 2L1.2(b)(2)
8   (A)(i). Gonzales Parra would have been subject at most to (8-
9   level) enhancement would have resulted in a total offense level
10  of "<u>13</u>". With a criminal-history category of V. This would
11  yield a guidelines sentencing range of <u>30</u> to <u>37</u> months'
12  imprisonment, which is significantly lower than <u>70</u> month sen-
13  tence that Gonzales Parra received.
14

15  Under the fourth prong of plain-error review, the court may
16  reverse, if the error seriously affected the fairness, integri-
17  ty, or public reputation of judicial proceedings. United States
18  v. Olano 507 U.S. 725,732.113. S.Ct. 1770,123 L.Ed. 2d 508(1993).
19

20  Defendant Gonzales Parra believes this prong is satisfied
21  here, as in other cases where " The District Court's error
22  clearly affected the Sentence". United States v. Villegas 414
23  F.3d, 335,365. See., also Garza Lopez 410 F.3d at 275.(holding
24  that erroneous enhancement for prior drug-trafficking offence
25  resulting in a substantially diferent sentence affected the
26  'fairness of Judicial Proceedings'.
27
28

## A HEARING IS NECESSARY HERE

A district court may not deny a section 2255 petition without a hearing.

Petitione's specific factual allegations would entitle him to relief; <u>BAUMANN V. UNITEDSTATES,</u> 692 F.2d 565, 571 (9th Cir. 1982); See also <u>UNITED STATES V. KELLER,</u> 920 F.2d 1391,1395(9th Cir. 1990).

Here Gonzales Parra's claim meets the merits for an evidentiary hearing:   <u>ACCORDINGLY THE COURT MAY NOT DENY PETITIONE'S 2255 PETITION WITHOUT A HEARING.</u>

E.-                "FINALLY"

In order to preserve the for further review Mr. Gonzales Also contends that his sentence should be limited to the two-year statutory maximum in § 1326(a) rather than the 20-year maximum in § 1326(b)(2). Defendant aserts that 1326(a), and 1326(b)(2) create separate offence and the indictment did not charge him with a § 1326(b)(2) offense because it did not allege that he was removed subsequent to an aggravated-felony conviction. But as he concedes, his argument is forclosed by Almendarez Torrez, V. United States 523 U.S 224,1118 S.Ct.1219 140 L.Ed.2d 350 (1998).

"DEFENDANT JUAN MANUEL GONZALES PARRA PRESERVES THIS ARGUMENT FOR FURTHER REVIEW".

F.-         CONCLUSION

For the foregoing reasons the court must conclude that the sentencing court committed a plain error on improperly calculateing Mr. Gonzales Parra's Sentencing Guideline Range by applying "sixteen-level" Sentencing enhancement under U.S.S.G. § 2L1. (b) (1) (A)(i), and that Mr. Gonzales Parra's Sentence must be BACATED and REMAND for RE-SENTENCING.

Respectfully submitted, this 31 day of OCT , 2007.

Affiant: J. Gonzalez .
Pro-se, J.Manuel Gonzales Parra.
Inmate #63629-208.

(8)

## CERTIFICATE OF SERVICE / OR MAILING

CASE NAME: <u>UNITED STATES OF AMERICA</u>   VS. <u>JUAN MANUEL GONZALES ~~LOPEZ~~ PARRA</u>

CASE NUMBER: <u>04CR2959-J</u>

I, the undersigned, herby affirmed that on this <u>31</u> day of <u>Oct.</u> <u>2007</u>, I deposited in the recepticle for the United States mail provided at this Institution for inmates, first class pre-paid postage, in a sealed envelope and addressed to:

> UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, SAN DIEGO CA.
>
> 880 Front street, 4290,
> San Diego, CA. 92101-8900.

a true and correct copy of the attached document(s) identified as follows:

"one original and two copies"

MOTION TO VACATE SET ASIDE OR CORRECT SENTENCE BY

A PERSON IN FEDERAL CUSTODY PURSUANT TO TITLE 28 U.S.C.

§ <u>2255.</u>

In accordance with <u>Houston V. Lack</u> 487 U.S. 266 (1988) these documents are deemed filed and served as of this date. Pursuant to 28 U.S.C. §1746(2). I further declare under the penalty of perjury that the foregoing is correct and true.

DATED: <u>10-31-2007.</u>

<u>J. González</u>
AFFIANT Juan Manuel Gonzalez Parra.
Inmate No. 63629-208.

JS44
(Rev. 07/89)

# CIVIL COVER SHEET

**FILED**

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court 2007 purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE SECOND PAGE OF THIS FORM.)

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY _____ DEPUTY

**I (a) PLAINTIFFS**
Juan Manuel Gonzales Parra

**DEFENDANTS**
United States of America

'07 CV 2120 JLS (AJB)

**(b) COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF**  Kern
(EXCEPT IN U.S. PLAINTIFF CASES)

**COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT**
(IN U.S. PLAINTIFF CASES ONLY)

NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND

**(c) ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)**
Juan Manuel Gonzales Parra
California City Correctional Center
P.O. Box 3001-0001
California City, CA 93504

**ATTORNEYS (IF KNOWN)**
U.S. Attorney

**II. BASIS OF JURISDICTION** (PLACE AN x IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☒ 2 U.S. Government Defendant
☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN X IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT) (For Diversity Cases Only)

|  | PT | DEF |  | PT | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business in This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business in Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE A BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY).

### 28 U.S.C. 2255

**V. NATURE OF SUIT** (PLACE AN X IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| | PERSONAL INJURY | PERSONAL INJURY | | | |
| ☐ 110 Insurance | ☐ 310 Airplane | ☐ 362 Personal Injury-Medical Malpractice | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reappointment |
| ☐ Marine | ☐ 315 Airplane Product Liability | | ☐ 620 Other Food & Drug | ☐ 423 Withdrawal 28 USC 157 | ☐ 410 Antitrust |
| ☐ Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury - Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC881 | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ Negotiable Instrument | ☐ 330 Federal Employers' Liability | | ☐ 630 Liquor Laws | ☐ 820 Copyrights | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment &Enforcement of Judgment | | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 RR & Truck | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | PERSONAL PROPERTY | ☐ 660 Occupational Safety/Health | SOCIAL SECURITY | ☐ 810 Selective Service |
| | | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 861 HIA (13958) | ☐ 850 Securities/Commodities Exchange |
| ☐ 153 Recovery of Overpayment of Veterans Benefits | ☐ 350 Motor Vehicle | ☐ 371 Truth in Lending | LABOR | ☐ 862 Black Lung (923) | |
| | ☐ 355 Motor Vehicle Product Liability | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 875 Customer Challenge 12 USC |
| ☐ 160 Stockholders Suits | | | ☐ 720 Labor/Mgmt. Relations | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ Other Contract | ☐ 360 Other Personal Injury | ☐ 385 Property Damage Product Liability | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 865 RSI (405(g)) | ☐ 892 Economic Stabilization Act |
| ☐ 195 Contract Product Liability | | | | FEDERAL TAX SUITS | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | ☐ 740 Railway Labor Act | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 894 Energy Allocation Act |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☒ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 790 Other Labor Litigation | ☐ 871 IRS - Third Party 26 USC 7609 | ☐ 895 Freedom of Information Act |
| ☐ 220 Foreclosure | ☐ 442 Employment | | ☐ 791 Empl. Ret. Inc. | | ☐ 900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐ 230 Rent Lease & Eiectmant | ☐ 443 Housing/Accommodations | ☐ 530 General | ☐ Security Act | | |
| ☐ 240 Tort to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | | | ☐ 950 Constitutionality of State |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | | | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |

**VI. ORIGIN** (PLACE AN X IN ONE BOX ONLY)

☒ 1 Original Proceeding  ☐ 2 Removal from State Court  ☐ 3 Remanded from Appelate Court  ☐ 4 Reinstated or Reopened  ☐ 5 Transferred from another district (specify)  ☐ 6 Multidistrict Litigation  ☐ 7 Appeal to District Judge from Magistrate Judgment

**VII. REQUESTED IN COMPLAINT:** ☐ CHECK IF THIS IS A CLASS ACTION UNDER f.r.c.p. 23

**DEMAND $**

Check YES only if demanded in complaint:
JURY DEMAND: ☐ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY** (See Instructions): JUDGE _____ Docket Number 04 cr 2959

DATE
11/5/07

