**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>　　　　　　Plaintiff/Respondent,<br>　　v.<br>JUAN MANUEL GONZALEZ-PARRA,<br><br>　　　　　　Defendant/Petitioner. | CIVIL CASE NO. 07CV2120 J<br>CRIM CASE NO. 04CR2959 J<br><br>**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS PURSUANT TO 28 U.S.C. § 2255** |

Before the Court is pro se Petitioner Juan Manuel Gonzalez-Parra's ("Petitioner") 28 U.S.C. § 2255 Petition for Writ of Habeas Corpus. [Doc. No. 43.] The Government has not filed a responsive pleading. For the reasons set forth below, the Court **SUMMARILY DISMISSES with prejudice** Petitioner's Petition.

*Background*

On October 24, 2004, Petitioner illegally entered the United States on foot approximately 18 miles east of the Tecate, California, Port of Entry. (*See* Gov't's Opp'n at 3.) A records check revealed that Petitioner was a Mexican national who had most recently been removed from the United States on August 20, 2004, and did not have legal authorization to reenter the United States. (*See id*. at 4.) Petitioner confirmed much of this information in a Mirandized post-arrest statement, and admitted that he and nine other

1 individuals illegally climbed over the international border fence and walked north until they
2 were apprehended by U.S. Customs and Border Protection Agents.  (*See id*.)

3       On November 16, 2004, Petitioner was indicted on a charge of being a deported
4 alien found in the United States, in violation of 8 U.S.C. § 1326. [Doc. No. 5.]  On April
5 25, 2005, Petitioner pled guilty to the sole count of the indictment.  (*See id*.)

6       Prior to sentencing, both the Government and Petitioner addressed the §3553(a)
7 sentencing factors for the Court to consider.  (*See* Aug. 10, 2005, Sent. H'rg Tr. at 4-8.)
8 Petitioner's counsel argued that: (1) Petitioner had made a full and complete confession to
9 arresting officers, (2) he returned illegally to the United States because of his involvement
10 in a relationship with a woman for the past 26 years and their two young children, (3) he
11 had maintained steady employment, and (4) the advisory guidelines were "somewhat
12 draconian before the Supreme Court changed the law and now makes the guidelines
13 advisory."  (*See id.* at 4-7.)  In response, the Government argued for a sentence of 77
14 months, acknowledging that this would be a significant increase from Petitioner's last
15 prison commitment of 16 months.  (*See id.* at 7-8.)  However, it urged that Petitioner
16 deserved the sentence because his spotty employment record and history of drug offenses
17 indicated that "his business while in the United States is simply one thing: to sell drugs."
18 (*Id*.)

19       At the sentencing hearing on August 10, 2005, the Court determined that the
20 Advisory Guidelines "set appropriate sentencing parameters for the court" based upon "the
21 probation officer's analysis, [and] the Court's analysis with reference to the 3553(a) factors
22 - specifically, the history of [Petitioner], the need to deter [Petitioner] from further criminal
23 acts, and also to protect the public from future crimes by [Petitioner]."  (*Id*. at 4.)

24       The Court concluded Petitioner fell within the sentencing guideline range of 70 to
25 87 months due to Petitioner's total adjusted offense level of 21 and criminal history score
26 of 12 .  (*See id*. at 8.)  The total offense adjusted level of 21 was the result of a base offense
27 level of 8, with a 16-level increase for Petitioner's deportation subsequent to a conviction
28 for an aggravated felony, and a 3-level downward adjustment for "timely acceptance of

responsibility." (*See id.)* The criminal history score of 12 was based on Petitioner's extensive criminal history, which placed him in Criminal History V. (*See* Gov't's Opp'n at 4.) In 1990, Petitioner was convicted of possession of a controlled substance and sentenced to 16 months in prison. (*See id.*) In 1991, Petitioner was convicted of being under the influence of a controlled substance, and was sentenced to 90 days in jail. (*See id.*) In 1996, Petitioner was convicted of shoplifting and providing a false identity to a police officer, for which he was sentenced to 20 days in jail. (*See id.*) On August 10, 2003, Petitioner was convicted of possession of a controlled substance for sale, and was sentenced to 16 months in state prison. (*See id.*) Finally, on May 30, 2004, six days after his release from state custody and deportation to Mexico, Petitioner was apprehended and convicted for illegally reentering the United States. (*See id.*) He received a sentence of 75 days in custody and was deported from the United States on August 20, 2004. (*See id.*)

The Court decided to sentence Petitioner to the low end of the guideline, giving him 70 months imprisonment followed by 3 years of supervised release. (*See id.* at 9.) In pronouncing the 70 month sentence, the Court stated:

> that what has been demonstrated by [Petitioner] is that he basically, when he re-enters the United States, is . . supporting his drug habit, that he was certainly involved in the sale of drugs and other related offenses. The base offense level and the calculated guideline range, I believe, present the Court with a reasonable basis for imposition of sentence.

(*See id.* at 8-9.)

On August 17, 2005, the Court entered the judgment and commitment. [Doc. No. 20.] On August 19, 2005, Petitioner, filed his Notice of Appeal. [Doc. No. 21.] On December 30, 2005, proceeding pro se, Petitioner filed the instant Petition asking this Court to vacate, set aside, or correct his sentence pursuant to 28 U.S.C. § 2255. [Doc. No. 28.] On February 28, 2006, Petitioner filed his opening brief with the Ninth Circuit. (*See* Gov't's Opp'n at 3.) On July 26, 2006, the Ninth Circuit affirmed this Court's judgment. [Doc. No. 39.]

On December 30, 2005, Petitioner filed a Motion to Vacate, Set Aside or Correct Sentence under 28 U.S.C. § 2255. [Doc. No. 28.] On September 13, 2006, Petitioner's motion was denied. [Doc. No. 40.] On November 5, 2007, Petitioner filed the instant Motion pursuant to § 2255. [Doc. No. 43.]

*Discussion*

As a preliminary matter, the Court takes judicial notice of the Clerk's Docket in criminal case No. 04cr2959. A court may take judicial notice of those facts that are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questions." Fed. R. Evid. 201(b). The Court **SUMMARILY DISMISSES with prejudice** Petitioner's Motion because it is: (1) untimely filed and (2) barred as a successive habeas petition under Section 2255.

**I. Summary Dismissal of Petitioner's Section 2255 Petition**

A district court may summarily dismiss a Section 2255 motion if "the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255; *see also United States v. Espinoza*, 866 F.2d 1067, 1069 (9th Cir. 1988); United States v. Matthew, 833 F. 2d 161, 164 (9th Cir. 1987). Summary dismissal is appropriate even without responsive briefing from the Government. *See* 28 U.S.C. § 2255; *Baumann v. United States*, 692 F.2d 565, 571 (9th Cir. 1982). As set forth below, Petitioner's Section 2255 Petition is **SUMMARILY DISMISSED with prejudice** because it is: (1) untimely filed and (2) barred as a successive Section 2255 motion.

**A. Petition is Untimely**

A petitioner has one year to file a petition under Section 2255. This one-year period:

> shall run from the latest of (1) the date on which the judgment of conviction become final; (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action; (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255; *see United States v. Battles*, 362 F.3d 1195, 1196 (9th Cir. 2004). Here, the applicable one-year limitations period ran from "the date on which the judgment of conviction [became] final" because Petitioner has not provided any evidence the statute of limitations should start at a later date. 28 U.S.C. § 2255. For instance, Petitioner does not contend, nor does it appear, the Government created an impediment to filing his Petition. Similarly, the Petition does not cite to a right initially recognized by the Supreme Court that would be retroactively applicable. Furthermore, Petitioner does not allege his trial counsel lacked due diligence in discovering relevant facts that would have affected the length of his sentence.

Petitioner did not file this Petition until November 5, 2007, more than one year after the expiration of statute of limitations under Section 2255. [Doc. No. 43.] On August 17, 2005, pursuant to a written plea agreement, Petitioner was sentenced to seventy (70) months in prison with three years supervised release. [Doc. No. 20.] Petitioner appealed his conviction on August 18, 2005, within the ten-day period during which he could file an appeal. *See* Fed. R. App. P. 4(b). The Ninth Circuit issued a judgment affirming this Court's decision on September 18, 2006. [See Doc. No. 41.] Thus, Petitioner had one year from September 18, 2006 to file a petition under Section 2255. Petitioner failed to file this Petition in a timely manner, on or before September 18, 2007. Therefore, the Court **SHOULD FIND** the Petition barred by the statute of limitations and, **SHOULD DENY** the Petition.

**B. Petition is Barred as a Successive Section 2255 Petition**

The instant Petition, filed by Petitioner on November 5, 2007, is Petitioner's second habeas petition. On December 30, 2005, Petitioner previously filed a habeas petition under Section 2255, which was subsequently denied on September 13, 2006. [Doc. Nos. 28, 40.] Because Petitioner's successive Petition is not accompanied by a certificate of appealability, the Court **SHOULD DENY** Petitioner's Petition.

A second or successive motion styled under Section 2255 must be certified by a panel of the Court of Appeals. *See* 28 U.S.C. §§ 2255; 2244(b)(3)(A) (2006). To obtain

certification to file a second or successive Section 2255 motion, the motion must satisfy one of the following criteria:

> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable fact finder would have found the movant guilty of the offense; or (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

28 U.S.C. §§ 2255; 2244(b)(2)(A)-(B); *see also United States v. Allen*, 157 F.3d 661, 664 (9th Cir. 1998); *Moore v. Reno*, 185 F.3d 1054, 1055 (9th Cir. 1999) (petitioner could not circumvent successive motion provisions by disguising Section 2255 claims in a 28 U.S.C. § 2241 petition).

Because Petitioner has previously submitted a habeas petition, and did not submit a certificate of appealability, the Court lacks authority to entertain this successive habeas petition.  Therefore, the Court **SHOULD FIND** Petitioner is procedurally barred from filing a second claim for relief under Section 2255.

## *Conclusion*

For the foregoing reasons, the Court **DENIES** Petitioner's Petition for Writ of Habeas Corpus under 28 U.S.C. § 2255.

**IT IS SO ORDERED.**

DATED:  December 28, 2007

_____
HON. NAPOLEON A. JONES, JR.
United States District Judge

cc: All Parties of Record